IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> v. ) <br> ) <br> 2022 MERCEDES-BENZ SPRINTER 2500, ) <br> ) <br> Defendant. ) | Civil No. 4:23-cv-355 <br><br> VERIFIED COMPLAINT <br> FOR FORFEITURE IN REM |

Plaintiff, United States of America hereby files and serves this VERIFIED COMPLAINT IN REM and alleges as follows:

## I. NATURE OF THE ACTION

1. This is an action to forfeit and condemn specific property (hereinafter referred to as the "Defendant Van") to the use and benefit of the United States of America ("Plaintiff") for involvement, as set forth below, in violations of 21 U.S.C. § 846 (attempt and conspiracy) and § 841(a)(1)(prohibited acts).

2. The Defendant Van is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4) as a vehicle used to transport controlled substances, in violation of subchapter I – Control and Enforcement, of Chapter 13 – Drug Abuse Prevention and Control, as part of Title 21 – Food and Drugs, of the United States Code.

## II. DEFENDANT IN REM

3. The Defendant Van is generally described as a 2022 Mercedes-Benz Sprinter 2500 Van, Vehicle Identification Number W1Y4DDHY2NT094004, seized in the Southern District of Iowa on approximately November 30, 2022. The Defendant Van is in the custody of the U.S. Marshals Service.

### III. JURISDICTION AND VENUE

4. This Court has jurisdiction over an action commenced by the United States of America under 28 U.S.C. Section 1345 and over an action for forfeiture under 28 U.S.C. Section 1355(a).

5. This Court has *in rem* jurisdiction and venue over the defendant property under 28 U.S.C. Sections 1355(b) and 1395(b) as the acts or omissions giving rise to the forfeiture occurred in this district and because the defendant property was seized in this district.

### IV. FACTS

6. The "Controlled Substances Act" was enacted by Congress as Title II of the "Comprehensive Drug Abuse Prevention and Control Act of 1970," Pub.L. No. 91-513, 84 Stat. 1236 (1970) (codified at 21 U.S.C. §§ 801-904).

7. The term "controlled substance" is defined in 21 U.S.C. § 802(6) to mean a drug or other substance, or immediate precursor, included in any of the five schedules of such substances set forth in subchapter I of Title 21.

8. Schedule I substances have a high potential for abuse and have no currently accepted medical use in treatment in the United States, and there is a lack of accepted safety for use of the drug under medical supervision. 21 U.S.C. § 812(b)(1)(A) - (C).

9. Schedule II substances have a high potential for abuse, and the drug or substance has a currently accepted medical use in treatment in the United States or a currently accepted medical use with severe restrictions. Abuse of a Schedule II

controlled substance may lead to severe psychological or physical dependence 21 U.S.C. § 812(B)(2)(A) – (C).

10.Fentanyl and cocaine are controlled substances.

11.Under the Controlled Substances Act, it is unlawful to distribute, dispense, or possess with intent to distribute a controlled substance unless authorized by law to do so.  21 U.S.C. § 841(a)(1).

12.Under the Controlled Substances Act, it is unlawful to conspire with others to violate its prohibitions.  21 U.S.C. § 846.

13.On November 30, 2022, law enforcement in the Southern District of Iowa, specifically in Polk County, Iowa, seized the Defendant Van due to its use to illegally transport controlled substances and distribute them, as generally discussed below.

14.The Defendant Van was purportedly owned by Global Movement, Inc., and is subject to a security interest of Mercedes Benz Financial Services (hereinafter "MBFS"). MBFS retains a security interest in the van to secure the outstanding debt owed to it.  The United States acknowledges this security interest, and does not seek to forfeit or extinguish it.

15.The Defendant Van was being used to illegally transport controlled substances across state lines and contained 14 one-pound packages of marijuana, 24 packages of cocaine (22.04 kilograms of cocaine per lab report) and two packages of fentanyl (1,986 grams of fentanyl per lab report).

16. The driver of the Defendant Van, Martin Cooper (hereinafter "Cooper"), is the owner of Global Movement, Inc.

17. Cooper was charged in December 2022 in *United States v. Cooper*, 4:22-CR-00189 (S.D. Iowa) with possession with the intent to deliver cocaine and fentanyl, related to the actions discussed above.

18. The U.S. Drug Enforcement Administration (DEA) initiated an administrative forfeiture of the Defendant Van, and Global Movement, Inc. did not contest the forfeiture of its interest in the van.

19. MBFS filed a response to the administrative forfeiture in which it sought to protect its lienholder rights.

20. On May 8, 2023, Cooper pled guilty to possession with the intent to deliver cocaine and fentanyl, related to the actions discussed above. The crime is punishable by a minimum term of incarceration of ten (10) years in prison and a statutory maximum sentence of life imprisonment.

21. Cooper's Plea Agreement and associated documents (R. Doc. 30, 31) conclusively establish that the vehicle was used to illegally transport controlled substances.

22. Cooper awaits sentencing.

23. Based on the facts alleged, and Cooper's admission, there is more than a preponderance of evidence that the Defendant Van is forfeitable under 21 U.S.C. § 881(a)(4).

## CLAIM FOR RELIEF

WHEREFORE, the United States prays that the defendant property be forfeited to the United States and for such other relief as the Court deems proper and just.

                                  Respectfully submitted,

                                  Richard D. Westphal,
                                  United States Attorney

By:   */s/Craig Peyton Gaumer*
        Craig Peyton Gaumer
        Assistant United States Attorney
        U. S. Courthouse Annex,
        Suite 286
        110 East Court Avenue
        Des Moines, Iowa 50309
        Tel: (515) 473-9300
        Fax: (515) 473-9292
        Email: craig.gaumer@usdoj.gov

## VERIFICATION

I, Keegan Keeney, hereby verify and declare under penalty of perjury that I am a Special Agent with the United States Drug Enforcement Administration, and that I have read the foregoing Verified Complaint, and know the contents thereof. The matters contained in the Verified Complaint are true to my own knowledge, except for those matters not within my own personal knowledge and as to those matters, I believe them to be true.

The sources of my knowledge and information and the grounds for my belief are the official files and records of the United States and information provided to me by other law enforcement officers, as well as my investigation of this case, together with others, as Special Agent with the United States Drug Enforcement Administration.

Dated: September 1, 2023.

_____
Keegan Keeney, Special Agent
U.S. Drug Enforcement Administration